## PROSECUTION FOR EMBEZZLEMENT OF ONE ACTING AS AGENT AND ATTORNEY.

Circuit Court of Medina County.

EMANUEL F. SHELLEY v. STATE OF OHIO. *

Decided, May 23, 1911.

*Embezzlement—No Limitations—Construction of Statutes—Punctuation—Evidence in Criminal Case—Definition of Embezzlement.*

1. There is abundant authority in this state for disregarding or rearranging punctuation of statutes in order to effectuate the evident meaning of the Legislature.
2. The three year limitation in Section 6842, Revised Statutes, applies only to the period within which different conversions may be aggregated so as to constitute one embezzlement, and does not interpose any bar to the prosecution of the crime of embezzlement.
3. At the trial of one indicted, for embezzlement of funds of one for whom he had been appointed guardian, the judgment and orders of a court upon exceptions filed to the accused's inventory and accounts as guardian, are not admissible in evidence.
4. The nature of the crime of embezzlement is such that although money may be received by an agent or servant from time to time as it comes into his hands lawfully, there may be no completed crime of embezzlement until, having thus received several sums at different times he finally refuses or is unable to account for the aggregate amount.
5. One is not guilty of embezzlement who has not concealed the receipt of money alleged to have been embezzled, but, on the contrary, has claimed in good faith to keep it under some right as against the owner.

*Affirmed by the Supreme Court on grounds stated in this opinion, *State* v. *Shelley*, 85 Ohio State, 481.

*F. V. Owen, F. N. Patterson* and *Frank Heath*, for plaintiff in error.

*George Frey, N. M. Wolf, C. M. Workman, W. J. Weirick* and *N. H. McClure*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

Plaintiff in error was convicted of embezzling $15,000 September 28th, 1904, while agent and attorney-in-fact for one Paul Oliver, the trial occurring in October, 1910, upon a change of venue from Ashland to Medina county.

The first error assigned involves the construction of Section 6842, Revised Statutes of Ohio, upon the question of the three years limitation therein prescribed for the prosecution of embezzlers, the indictment in this case having been returned more than three years after the date of the offense therein charged.

We hold, however, that the concluding clause of said section should be read as if there were commas after the word "time" and "prosecution," and none after the word "times."

The clause as thus punctuated will then read:

"If the total value of the property embezzled in the same continuous employment of term of office, whether embezzled at one time, or at different times if within three years prior to the inception of the prosecution, amounts to or exceeds thirty-five dollars, shall be imprisoned in the penitentiary not more than ten years, nor less than one year, or, if such total value is less than thirty-five dollars, be fined not more than two hundred dollars, or imprisoned not more than thirty days, or both."

The three years limitation applies only to the period within which different conversions may be aggregated so as to constitute one embezzlement, and does not interpose any bar to the prosecution of the crime of embezzlement generally.

The reasons for this conclusion are well pointed out in *State v. Bailey*, 19 O. D., 442; see also *State v. Gibbs*, 9 N.P.(N.S), 129. There is abundant authority in this state for disregarding or rearranging punctuation of statutes in order to effectuate the evident meaning of the Legislature. *Albright v. Payne*, 43 O. S., 15; *Shriedley v. State*, 23 O. S., 140; *Slingluff v. Weaver*, 66 O. S., 629; *Allen v. Russell*, 39 O. S., 337; *Hamilton v. Steamboat*

*Hamilton,* 16 O. S., 429; *Burgess* v. *Everett,* 9 O. S., 428; *Pancoast* v. *Ruffen,* 1 Ohio, 385, 386.

We hold therefore, that this prosecution is not barred by any statute of limitation.

A further assignment of error is that the court erred in charging the jury as follows:

"Gentlemen of the jury, the other day there was certain evidence offered in this case, in the nature of records of the pages of the journal of the court of common pleas and the circuit court of Ashland, as to the two items of accounts in the account of E. F. Shelley, as guardian of Paul Oliver, being one item for $10,000 and another item for $5,000; there were other items, but I simply call your attention to these two, which it is claimed by the state were items embezzled and with which the defendant is charged for one crime of embezzlement. Now, so far as those two items are concerned, they were adjudicated in the court of common pleas, which case was affirmed by the circuit court, and the court admits the records of those two courts upon the question as to whether or not those two items were legal items of charge for which Shelley should have been credited as to whether the charges simply were legal, and they are admitted for no other purpose." (Bill of exceptions, pages 89 and 90.)

The adjudication referred to is the judgment and orders of the court upon the exceptions filed to Shelley's inventory and accounts as guardian of said Oliver's estate, to which office he was appointed October 4, 1904, after having had virtualy sole charge of his ward's property for some five months previous to that date, by virtue of a general power of attorney appointing him the attorney-in-fact of said Oliver.

For some years prior to 1904, the accused claims to have done much business for Oliver. In his accounts as guardian, he charges himself with assets received both before and after the date when said guardianship commenced, and seeks to credit himself with $15,000 compensation for his services in all said capacities, including $10,000 for services before, and $5,000 for services during the guardianship. These credits were both disallowed in the adjudication referred to, and the record of that proceeding constitutes the backbone of the proof of guilt in this prosecution.

In *Gee* v. *State,* 60 O. S., 485, it was held that:

"On the trial of the issues joined by a plea of not guilty to an information or an indictment charging the defendant with willfully and negligently failing to support his illegitimate child, the record of a bastardy proceeding instituted by the mother of the child in which the defendant was adjudged to be its reputed father is not admissible evidence."

The *per curiam* opinion, 60 O. S., 486, is as follows:

"The record offered is not competent under the general rule that in a criminal proceeding the record of a civil action can not be introduced to establish the facts on which it was rendered. The judgments offered followed verdicts which might have been lawfully returned upon a mere preponderance of evidence. A higher degree of evidence was required to convict under the indictment and the information. *Greenleaf on Evidence,* Section 437; *Britton* v. *State,* 77 Ala., 302; *Riker* v. *Hopper,* 35 Vt. 457."

In view of the foregoing authority, we hold that the judgments disallowing Shelley's claims for compensation ought not to have been received in evidence. They were not admissible for any purpose, although it was discretionary with the court to allow or disallow the claim of $5,000 for compensation to the guardian. This could have nothing whatever to do with Shelley's embezzlement of said amount before the guardianship began.

As to the $10,000 the adjudication, founded not upon the exercise of judicial discretion, but strictly upon proof, was nevertheless predicable upon a rule of evidence requiring only a preponderance instead of proof beyond a reasonable doubt. In other words, it required no production of the record of another case to show that Shelley was not (since he could not be) entitled to guardian's fees September 28, 1904, not only before their allowance by the court, but before the guardianship began; neither does the fact that he was adjudged in a civil proceeding not to have earned $10,000 prior to the guardianship tend to prove in this proceeding that his claim to compensation in that amount on said date was unwarranted.

We hold, therefore, that the court erred in admitting said evidence, and in charging thereon as above indicated.

Third, we see no reason why the court should have refused the first and fifth special request to charge (bill of exceptions, 92 and 93) as follows:

"1st.   The nature of the crime of embezzlement is such that although money may be received by an agent or servant from time to time as it comes into his hands lawfully, there may be no completed crime of embezzlement until, having thus received several sums at different times, he finally refuses or is unable to account for the aggregate amount.

"5th.   The court instructs you that if the defendant has not concealed the receipt of the money alleged to have been embezzled, but has claimed in good faith to keep it under some right as against the owner, then he is not guilty of embezzlement, and your verdict should not be guilty."   *Young* v. *State*, 26 C. C., 747; *1 McClain's Criminal Law*, 641.

We do not understand that a demand for the property alleged to have been embezzled must in all cases have been made by the owner upon the accused, in order to lay a foundation for a prosecution.   Refusal of such a demand, when properly made, would of course be evidence of conversion and embezzlement, except as circumstances might exist excusing such non-compliance.   In this case, however, we fail to discover any evidences, except that which, as above indicated, is clearly incompetent, to show that Shelley had converted any part of the estate to his own use, or that he has failed to account for and pay over the same to those properly entitled thereto.   With the incompetent eliminated, there is not enough left whereon to found a verdict of conviction.   The several motions, including the motion for new trial by which this point was raised and saved, were erroneously overruled.

We have examined all the numerous rulings on evidence not already disposed of without finding any such prejudicial error therein as to warrant reversal upon that ground; but for errors above indicated, to-wit, the admission in evidence of the record of the civil case or cases, the court's charge with respect thereto, the refusal of the court to grant the first and fifth special requests to charge presented by the defendant below, and for overruling the motion for new trial upon the ground that the competent evidence was not sufficient to warrant conviction, the judgment is reversed and the cause remanded.